**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **AUTHWALLET, LLC,**<br>***Plaintiff,***<br>***v.***<br>**AMARILLO NATIONAL BANK,**<br>***Defendant,***<br>***v.***<br>**TODD RUSSELL COULTER,**<br>***Third-Party Defendant,*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 7:24-CV-00064-DC-DTG** |

**REPORT & RECOMMENDATION**

**TO: THE HONORABLE DAVID COUNTS,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having considered this case carefully, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and all pending motions be **DENIED-AS-MOOT**.

## I. BACKGROUND

The plaintiff, AuthWallet, LLC, filed this suit against the defendant, Amarillo National Bank, to recover for the alleged infringement of U.S. Patent No. 8,099,368 (the "'368 Patent"). Dkt. No. 1 at 2. On February 28, 2025, the district court dismissed the plaintiff's complaint

without prejudice and granted the plaintiff fourteen (14) days to refile its complaint. Dkt. No. 27 at 5–6. The plaintiff failed to file a new complaint.

On March 21, 2025, the defendant filed a counterclaim and third-party complaint. *See* Dkt. No. 28. The defendant claimed that after the Court dismissed the plaintiff's live pleading, the plaintiff agreed to dismiss its claims against the defendant with prejudice in a "walk-away deal." *Id.* at 1. However, before the plaintiff moved for such a dismissal, one of the purported inventors of the '368 Patent, Todd Coulter, declared ownership of the '368 Patent and filed an assignment of the '368 Patent to himself with the U.S. Patent and Trademark Office. *Id.* The defendant sought a declaratory judgment from the Court affirming that the'368 Patent owner's infringement claims against the defendant have been adjudicated and dismissed with prejudice. *Id.*

On April 7, 2025, Mr. Coulter appeared in this case pro se and moved to dismiss the defendant's third-party complaint. Dkt. No. 32. In the same pleading, Mr. Coulter asserted a cross-claim against the plaintiff seeking a declaratory judgment that the defendant lacked standing to assert the'368 Patent and that any actions, settlements, or agreements undertaken by the plaintiff were void and unenforceable. *Id.* at 3. Mr. Coulter also asserted a counterclaim against the defendant seeking a declaratory judgment that the defendant has no legal claim against him. *Id.*

On April 11, 2025, the plaintiff filed its answer to the defendant's counterclaims admitting that its claims were dismissed with prejudice by agreement between the parties. Dkt. No. 33 ¶ 1. On May 23, 2025, the plaintiff filed an answer to Mr. Coulter's cross-claim alleging that Mr. Coulter had no claim to the '368 Patent and averring that it would "take whatever steps are needed to help obtain a dismissal with prejudice for [the defendant], as agreed." Dkt. No. 55

at 1. The plaintiff also filed a counterclaim against Mr. Coulter, seeking seeking a declaratory judgment that it was the rightful owner of the ’368 Patent. *See id.*

On September 18, 2025, the plaintiff filed a suggestion of death stating that Mr. Coulter had died and that his next of kin, Rad Coulter, did not intend to seek substitution in this case. Dkt. No. 76 ¶¶ 1–2. The undersigned ordered the plaintiff to serve the suggestion of death on Mr. Coulter’s successors as required by Federal Rule of Civil Procedure 25. Dkt. No. 77 at 1. On January 15, 2026, the plaintiff informed the Court that it had been unsuccessful in serving Mr. Rad Coulter and that the probate court had designated another individual, Jennifer Rae Norris, the Special Administrator of Mr. Coulter’s estate. Dkt. No. 79 at 1.

On January 28, 2026, the undersigned held a hearing and issued a series of orders to plaintiff regarding how to effect alternative service on Mr. Rad Coulter and Ms. Norris. On February 11, 2026, the plaintiff filed a notice of compliance stating that it had complied with the undersigned’s orders and effected service. *See* Dkt. No. 81.

## II. ANALYSIS

This case involves a series of counterclaims and cross-claims filed after the dismissal of the original complaint. Having considered the procedural posture of this matter carefully, the undersigned recommends that it be **DISMISSED WITHOUT PREJUDICE** in its entirety.

### A. The Defendant’s Counterclaim.

As a threshold matter, the defendant’s attempt to file a counterclaim after all claims were dismissed is procedurally improper. Absent leave of the Court, a counterclaim must be asserted in a responsive pleading. Fed. R. Civ. P. 13(a), (b), (e); *Robbins Hardwood Flooring, Inc. v. Bolick Distributors Corp.*, 79 F.App’x 81, 83 (5th Cir. 2003). A defendant must serve any responsive pleading within twenty-one (21) of being served with the summons and complaint.

Fed. R. Civ. P. 12(b)(a)(1)(A)(i). However, if the defendant elects to file a motion to dismiss or a motion for a more definite statement, the deadline to file its response is extended to not later than fourteen (14) days after the motion to dismiss is denied or not later than fourteen (14) days after the more definite statement is served. Fed. R. Civ. P. 12(a). Rule 12 does not alter the responsive deadline when a motion to dismiss is granted, and the Federal Rules of Civil Procedure do not contemplate a party attempting to file a responsive pleading after all original claims in the case have been dismissed. And, as many other courts have noted, "[t]he very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it." *First Nat'l Bank in Dodge City v. Johnson Cnty. Nat'l Bank & Tr. Co.*, 331 F.2d 325, 328 (10th Cir. 1964), *abrogated on other grounds by Liberty Nat'l Bank & Tr. Co. of Oklahoma City v. Acme Tool Div. of Rucker Co.*, 540 F.2d 1375 (10th Cir. 1976); *see also United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985) ("Without a valid claim, there can be no counterclaim, compulsory or permissive.").

The defendant filed its counterclaim without leave of Court more than two hundred (200) days after its original response deadline and twenty-one (21) days after the Court granted its motion to dismiss. As such this filing was untimely, and it is within the Court's discretion to strike an untimely pleading that was filed without leave. *See, e.g., Directv, Inc. v. Young*, 195 F.App'x 212, 215 (5th Cir. 2006) (affirming a district court's decision to strike an untimely answer that was filed without leave). Therefore, the undersigned **RECOMMENDS** that the Court **STRIKE** the defendant's counterclaim (Dkt. No. 28) as untimely.

**B. The Defendant's Third-Party Complaint.**

Filing a third-party complaint is only proper if the third party is or may be liable to the defendant for part or all of the plaintiff's original claim. Fed. R. Civ. P. 14(a)(5); *see also*

*Mitchell v. Hood*, 614 F.App'x 137, 140 (5th Cir. 2015) (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967)). At the time the defendant filed its third-party complaint against Mr. Coulter, the plaintiff's claims against them had already been dismissed and had not been refiled by the Court's deadline. *See* Dkt. No. 27. The defendant could not be held liable to the plaintiff for this case's original claim, and so a third-party complaint could not be filed against Mr. Coulter. *See Mitchell*, 614 F.App'x at 140. The undersigned therefore **RECOMMENDS** that the Court **DISMISS** the third-party complaint against Mr. Coulter as improper.

### C. Mr. Coulter's Counterclaim and Cross-Claim.

Finally, the undersigned addresses the claims by and against Mr. Coulter. Under Federal Rule of Civil Procedure 25(a)(1), a decedent's claims must be dismissed if no party or successor files a motion for substitution within ninety (90) days of the decedent's successors being served with the suggestion of death. The plaintiff filed proof of service on Mr. Coulter's successors on February 11, 2026, and no motion for substitution has been filed. **RECOMMENDS** that the plaintiff's counterclaim against Mr. Coulter (Dkt. No. 55) and Mr. Coulter's counterclaim and cross-claim (Dkt. No. 32) be **DISMISSED WITHOUT PREJUDICE** under Rule 25(a)(1) and his pending motions (Dkt. Nos. 32, 34, 36, 38, 39, 42, 43, 45, 46, 54, 64, 66, 67, 73) be **DENIED-AS-MOOT**.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, Amarillo National Bank's counterclaim against the plaintiff, AuthWallet, LLC, (Dkt. No. 28) be **STRIKEN** as untimely, the defendant's third-party complaint against the third-party defendant (Dkt. No. 28), Todd

Coulter, be **DISMISSED WITHOUT PREJUDICE**, the plaintiff's counterclaim against the third-party defendant (Dkt. No. 55) be **DISMISSED WITHOUT PREJUDICE,** and the third-party defendant's counterclaim and cross-claim (Dkt. No. 32) be **DISMISSED WITHOUT PREJUDICE**. It is further **RECOMMENDED** that all pending motions (Dkt. Nos. 32, 34, 36, 38, 39, 42, 43, 45, 46, 54, 64, 66, 67, 73) be **DENIED-AS-MOOT**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 29th day of July, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE